UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                            :

**DAMIAN LEWIS**,                                                  :

                                      Plaintiff,                        :   **ORDER**

                     – against –                          :   23-CV-857 (AMD) (LKE)

                                                                       :

**EXPERIAN INFO. SOLS., INC.,
TRANSUNION INFO. SERVS., LLC,
EQUIFAX INFO. SERVS., LLC, AMERICAN
EXPRESS CO.**, **BARCLAYS BANK
DELAWARE**, **CITIGROUP INC.**, **DISCOVER
BANK**, **CLOVER COMMERCIAL CORP.,
CREDIT COLLECTION SERV., FRANKLIN
COLLECTION SV**, **TBF FINANCIAL LLC**, and
**CAINE & WEINER CO., INC.**,

                                         Defendants.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       On February 1, 2023, the *pro se* plaintiff brought this action against twelve credit reporting, collection, and financial services companies: Experian Information Solutions, Inc. ("Experian"); TransUnion Information Services, LLC ("TransUnion"); Equifax Information Services, LLC ("Equifax"); American Express Co.; Barclays Bank Delaware ("Barclays"); Citigroup Inc.; Discover Bank; Clover Commercial Corporation ("Clover"); Credit Collection Services, Inc. d/b/a Credit Collection Services ("CCS"); Franklin Collection SV ("Franklin"); TBF Financial LLC ("TBF"); and Caine & Weiner Co., Inc. ("C&W"). (ECF No. 1.) The plaintiff alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Consumer Financial Protection Act, 12 U.S.C. §§ 5481 *et seq.*, and New York General Business Law § 349, as well as New York common-law

claims of invasion of privacy and negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents.  (*Id.* ¶¶ 172–251.)

In May and June, 2023, defendants Equifax, Experian, TransUnion, Clover, and Franklin moved to dismiss the complaint.  (ECF Nos. 42, 45, 48.)[1]  The plaintiff filed responses to the motions — the last filings he has made in this case — on June 13 (ECF No. 49) and June 20, 2023 (ECF Nos. 50, 51).  In a March 27, 2024 written memorandum decision and order, the Court granted the motions to dismiss, finding that the plaintiff lacked standing to bring the action.  (ECF No. 62.)  The Court gave the plaintiff until April 26, 2024, to amend his complaint and replead certain claims.  (*Id.* at 23.)  When the plaintiff missed the deadline, the Court extended his time to file to May 28, 2024.  (*ECF Order dated April 29, 2024*.)  The plaintiff did not file an amended complaint, and, on May 29, 2024, the case was dismissed against defendants Equifax, Experian, TransUnion, Clover, and Franklin.  (ECF No. 63.)

In July 2024, defendants Discover Bank, CCS, and Barclays filed motions for judgment on the pleadings.  (ECF Nos. 66, 68, 69.)  In a July 31, 2024 order, the Court directed the plaintiff to file a single opposition brief responding to all three motions by August 30, 2024.  (*ECF Order dated July 31, 2024*.)  When the plaintiff did not file a response by this date, the Court extended the plaintiff's deadline to September 20, 2024.  (*ECF Order dated September 6, 2024*.)  Once again, the plaintiff did not respond, and the Court issued another extension for the plaintiff to submit his brief — this time until October 4, 2024.  (*ECF Order dated September 24, 2024*.)  The Court warned the plaintiff that if he failed to respond, "the case may be dismissed for

---

[1] The defendants CCS, Discover Bank, and Barclays filed answers to the complaint.  (ECF Nos. 20, 24, 26.)  To date, American Express, Citigroup, TBF, and C&W have not appeared in the action.

2

failure to prosecute." (*Id.*)  The plaintiff has not filed a response; as noted above, he has not communicated with the Court for over a year, since June 2023.

## DISCUSSION

Although Fed. R. Civ. P. 41(b) permits dismissal "[i]f the plaintiff fails to prosecute," the "power of a district court to take such action . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotations omitted) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).  A court's dismissal for failure to prosecute is a "harsh remedy" that should be reserved for "extreme situations." *Id.* at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Nonetheless, "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *Stennett v. New York City Admin. for Children's Servs.*, No. 21-CV-1069, 2023 WL 3204050, at *1 (E.D.N.Y. May 2, 2023) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)).

Courts in this circuit employ a five-factor test to determine whether dismissal for failure to prosecute is appropriate: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) whether the need to alleviate court calendar congestion outweighs the plaintiff's right to have his day in court; and (5) whether lesser sanctions would be appropriate. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  "In making use of this test, [n]o one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole." *Weir v.*

*C&B Delivery LLC*, No. 23-CV-9097, 2024 WL 3823432, at *3 (E.D.N.Y. Aug. 13, 2024) (alteration in original) (quoting *Norden Sys., Inc.*, 375 F.3d at 254).

These factors militate in favor of dismissal. Examination of the first factor "breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *See Norden Sys., Inc.*, 375 F.3d at 255. With respect to the second part, while "[t]here is no fixed period of time that must elapse" before a delay becomes significant, there are many cases in which "[d]elays of several months have been found to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (collecting cases). The grounds for dismissal are stronger "for even shorter delays when a party has become completely inaccessible, as inaccessibility 'strongly suggests that [the plaintiff] is not diligently pursuing [his] claim.'" *Id.* at 630 (quoting *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)). The second factor requires only that the plaintiff receive notice that his actions could result in dismissal.

The first and second factors weigh against the plaintiff. To begin, the plaintiff has not prosecuted his case, as evidenced by his persistent failure to respond to communications from the Court. Indeed, he has not communicated with the Court in over a year. He has missed multiple filing deadlines, even though the Court has *sua sponte* extended his time to file. He received ECF notifications of the Court's extensions by email and the Court mailed him courtesy copies of the orders issued on March 27, April 29, July 31, and September 24, 2024.[2] Further, the Court warned the plaintiff in the September 24, 2024 order that "the case may be dismissed for failure to prosecute." (*ECF Order dated September 24, 2024*.) This pattern of inactivity has and will continue to cause significant delay in the case, and there is no question the plaintiff had notice

---

[2] None of these mailings were returned to the Clerk's Office.

4

that the action could be dismissed for his failure to prosecute.  Taken together, the plaintiff has demonstrated "a lack of due diligence in the prosecution of the lawsuit."  *Stennett*, 2023 WL 3204050, at *1.

The third factor, prejudice to the defendants, is presumed where there is unreasonable delay.  *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).  Similarly, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice."  *Caussade*, 293 F.R.D. at 630–31 (citing cases).  Here, the plaintiff has ignored the Court's orders since April 2024, delaying the proceedings.  Prejudice can therefore be presumed.

Fourth, the Court must consider the "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  *Norden Sys., Inc.*, 375 F.3d at 257.  The Second Circuit cautions that "'[a] court must not let its zeal for a tidy calendar overcome its duty to do justice.'"  *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (quoting *Winston v. Prudential Lines, Inc.*, 415 F.2d 619, 621 (2d Cir. 1969)).  However, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" can require dismissal.  *Feurtado*, 225 F.R.D. at 480 (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980) (cleaned up).  Accordingly, the fact that the plaintiff "repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court."  *Id.* (citing cases).  Thus, this factor weighs against him.

The fifth factor is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay."  *Norden Sys., Inc.*, 375 F.3d at 257.  In light of the

plaintiff's persistent failure to respond in this case, a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders." *Stennett*, 2023 WL 3204050, at *2. Still, the Court "opt[s] to dismiss without prejudice as a less prejudicial from of relief than dismissing with prejudice, enabling [the plaintiff] to refile [his] suit and diligently prosecute [his] claims if [he] so wishes." *Id.* Accordingly, after considering the five factors outlined in *Norden Sys., Inc.*, the Court finds that dismissal is warranted in this case.

## CONCLUSION

For these reasons, the Court concludes that the plaintiff has abandoned this action. Accordingly, the defendants Discover Bank's, CCS', and Barclays' motions for judgment on the pleadings are denied as moot, and the Court dismisses the plaintiff's claims for failure to prosecute without prejudice to refile.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                                          ANN M. DONNELLY
                                                          United States District Judge

Dated: Brooklyn, New York
       October 28, 2024